IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH MAURICE WILKERSON, § | | |
| TDCJ #679958, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-2191 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Joseph Maurice Wilkerson is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He has filed a petition under 28 U.S.C. § 2254, seeking federal habeas corpus relief from a state court conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** without prejudice for reasons set forth below.

### I.    PROCEDURAL HISTORY

Wilkerson reports that, on September 23, 1993, a jury in the 185th District Court of Harris County, Texas, convicted him of aggravated robbery in cause number 648910. As a result, Wilkerson received a sentence of forty years' imprisonment. His conviction was affirmed on direct appeal, *see Wilkerson v. State*, No. 14-93-01051-CR, 1996 WL 337132 (Tex. App. —Houston [14th Dist.] June 20, 1996), and the Texas Court of Criminal Appeals refused his petition for discretionary review on October 2, 1996.

In this case, Wilkerson complains that he is entitled to federal habeas corpus relief because the trial judge lacked jurisdiction to preside over his case. Specifically, Wilkerson alleges that the presiding judge, the Honorable Juan Gallardo, did not take the "anti-bribery oath" required by Texas law. Court records show that Wilkerson has filed a prior federal habeas corpus petition challenging the same conviction. In that proceeding, the district court denied Wilkerson's federal habeas corpus petition with prejudice. *See Wilkerson v. Johnson*, Civil Action No. H-98-0483 (S.D. Tex. Feb. 23, 1999). Wilkerson did not file an appeal from that decision. For reasons discussed below, Wilkerson's pending petition is subject to dismissal because it is successive.

## II.   DISCUSSION

The pending federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), codified as amended at 28 U.S.C. § 2244(b). This portion of the AEDPA was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). The AEDPA's amendments place the following restrictions on "second or successive" applications for habeas corpus relief:

(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

>   (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
>   (A)   the applicant must show that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)   (i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* § 2244(b)(3)(A).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The pending petition in this case meets the "second or successive" criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).

Because the pending petition is a successive application prohibited by the AEDPA's amendments, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Because he has not shown any authorization from the Fifth Circuit, this Court lacks jurisdiction over his claims. *Id.* at 775. Accordingly, his petition must be dismissed without prejudice to re-filing if proper authorization from the Fifth Circuit is shown.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

### IV.  CONCLUSION

Accordingly, because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 2244(b) because the petition is successive.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on **June 30, 2005.**

Nancy F. Atlas
United States District Judge